cites that the purchase-money belonged to his children, and there is no evidence to contradict the recital. If the deed is offered in evidence it must be taken altogether, and the burden of proof is on the defendants to contradict any part of it. It was made in January, 1832, nearly two years before the compromise; and even if it was fraudulent, it is no way connected with the compromise. It was registered in July, 1832, and any one interested might at any time have had access to the record.

It is very natural to suppose that the heavy charges of fraud made against the complainant by his Baltimore creditors in the beginning of December, 1833, and the severe proceedings they instituted against him; the sequestration of his whole stock in trade, and the total suspension of his business by the injunction, were sufficient, of themselves, to cause the alarm. under which the defendants, as soon as the injunction was dissolved, (which was on the 26th of December,) sought a compromise by a payment in the goods which had thus, as to them, been put in jeopardy. There is no evidence to show that that alarm had been voluntarily created by the complainant, and the defendants seem to have been content with their share in the scramble which followed the removal of the injunction. Every one was, no doubt, anxious to save all he could from the wreck; and the subsequent settlement with other creditors, at fifty cents in the dollar, only shows that the defendants, in getting seventy, fared better than some of their neighbors. The notes. excepting that which fell due 2d–5th of December, were not payable, having time to run, from one to twenty-seven months, without interest; the immediate payment, therefore, especially in the precarious state of the complainant's affairs, was a good and valuable consideration for the discount which was agreed upon. Looking upon this compromise, therefore, in every point of view, it seems to me to have been a fair and valid contract, which ought to be executed by both parties in good faith.

3. The third question, then, is, has it been complied with on the part of the complainant? The defendants admit, in their answer, that it has been complied with on his part to the extent of the notes. Being of opinion that the amount due upon the notes constituted the whole just claim of the defendants; and there being no evidence that at the time of the agreement for the compromise, and at the time of the execution of that compromise by the delivery of the goods, they intimated any further claim. I must say that, in my opinion. the complainant has fairly and fully complied with the terms of the contract, and that the defendants ought to deliver up all the notes to be cancelled.

MORSELL, Circuit Judge, concurred.
THRUSTON, Circuit Judge, dissented.

The decree was entered up on the 10th of June, 1837, and was, in substance, that the injunction should be perpetual to prevent the defendants from negotiating the notes; that the defendants should bring them into court to be cancelled, and that they should pay the complainant $1,083.55, being the amount paid by the complainant on judgments obtained against him upon three of the notes which the defendants had passed away, with interest thereon from the date of the decree.

From this decree the defendants appealed to the supreme court of the United States. where it was affirmed in February, 1838. 12 Pet. [37 U. S.] 178.

---

## Case No. 17,541.

### WHITE v. CLARKE et al.

[5 Cranch, C. C. 401.] [1]

Circuit Court, District of Columbia. March Term, 1838.

APPEAL—DECREE—EFFECT OF MANDATE—ATTACHMENT.

1. When a decree for the surrender of certain promissory notes, and the payment of a certain sum of money is affirmed by the supreme court of the United States, with costs and damages at the rate of six per cent. per annum, and the cause is remanded to the circuit court by mandate commanding that court "that such execution and proceedings be had in the said cause as according to right and justice and the laws of the United States ought to be had, the said appeal notwithstanding:" and the court thereupon orders the defendants, without further delay to bring the notes into court to be cancelled. and the sum of money mentioned in the decree with interest thereon, and the costs of this suit and the costs in the supreme court, to be paid to the complainant, the defendants cannot supersede this order to comply with the decree which had been appealed from. nor stay execution upon that decree by confessing a judgment out of court, under the Maryland act of 1791, c. 67, § 1; more than two months having elapsed since the original decree was rendered.

2. The court will not issue an attachment upon a decree for payment of money, but will leave the complainant to his remedy by fieri facias, or ca. sa.

The decree of this court in this cause [Case No. 17,540] having been affirmed by the supreme court of the United States, at January term, 1838, with costs, and damages at the rate of six per cent. per annum [12 Pet. (37 U. S.) 178], and a mandate having been filed on the 6th of April, 1838, commanding this court "that such execution and proceedings be had in said cause, as according to right and justice. and the laws of the United States. ought to be had. the said appeal notwithstanding." the court, on the 11th of April, 1838, upon the motion of the complainant's counsel, after reciting the decree which had been the subject of the appeal, and which had been affirmed. and by which the defendants, Clarke and Briscoe. were required without delay to

bring into this court to be cancelled, certain promissory notes signed by the complainant, and particularly described in the bill, and to pay to the complainant the sum of $1,083.55, with interest from the date of the decree, and the costs of this suit, passed an order "that the said defendants, Clarke and Briscoe, without further delay bring the notes aforesaid into this court to be cancelled, and the said sum of money with interest thereon, and the costs of this suit, and the sum of $142.88, the complainant's costs in this suit in the said supreme court, to be paid to the said complainant." This order was served upon the defendants on the 19th of April, and on the 19th of June, 1838, the complainant obtained a rule upon the defendants to show cause on Thursday the 21st of June, why an attachment should not be issued against them for having failed to comply with the order of the court of the 11th of April.

Upon the return of the rule, the defendants, showed, for cause, the following paper which they had filed on the 21st of April, as a supersedeas to the decree: "District of Columbia, Washington county, to wit: You, Joseph S. Clarke and Richard G. Briscoe, Walter Clarke and James T. Clarke, do confess judgment to William G. W. White, for the sum of one thousand and eighty-three dollars and fifty-five cents, with interest from the tenth day of June in the year of our Lord one thousand eight hundred and thirty-seven till paid, and costs of this suit; to wit, one hundred and forty-seven dollars and fifty-eight cents, and one hundred and forty-two dollars and eighty cents, the costs in the supreme court, and the additional cost thereon, which sums were recovered by the said William G. W. White against the said Joseph S. Clarke and Richard G. Briscoe, on the eleventh day of April, in the year of our Lord one thousand eight hundred and thirty-eight, by a decree of the circuit court of the District of Columbia, sitting as a court of equity for Washington county aforesaid; the said sums of money to be levied of your bodies, goods, and chattels, lands and tenements for the use of the said William G. W. White in case the said Joseph S. Clarke and Richard G. Briscoe shall not pay and satisfy to the said William G. W. White the said sums of money so as aforesaid recovered against them with the additional cost thereon, on the twenty-first day of October next. Taken and acknowledged before us, the subscribers, two of the justices of the peace of the United States of America, in and for the county of Washington and district aforesaid, this twenty-first day of April, eighteen hundred and thirty-eight. W. Thompson, J. P. Clement, T. Coote, J. P."

The notes were brought in by the defendants, to be cancelled.

Mr. Hoban, for defendants, contended that the order of the 11th of April, 1838, was a new decree, which the defendants had a right to supersede, under the Maryland act of 1791, c. 67, § 1.

Mr. Marbury and Mr. Key, for complainant, contra. The decree which was affirmed was passed on the 10th of June, 1837, and it is that decree which the supreme court has commanded this court to execute. This court cannot now reverse or alter it, except to add the costs according to the mandate. The right to supersede is limited to two months after the decree; which two months had long since elapsed. The appeal was a supersedeas; but it was removed by the decree of affirmance; the complainant cannot have a second supersedeas.

THE COURT (THRUSTON, Circuit Judge, contra,) was of opinion that the defendants could not now supersede the decree.

Mr. Marbury then moved for an attachment; but the court refused, and told him he might have a fieri facias, or ca. sa.

[See Case No. 17,542.]

---

## Case No. 17,542.

### WHITE v. CLARKE et al.

[5 Cranch, C. C. 530.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

APPEAL — AFFIRMANCE — EFFECT OF MANDATE — SUPERSEDING JUDGMENT.

When a decree of this court is affirmed by the supreme court of the United States, and a mandate is sent to this court, commanding that such execution and proceedings be had in said cause as according to right, justice, and the laws of the United States, ought to be had, the appeal notwithstanding; and this court makes an order that the defendants without further delay, perform the decree thus affirmed with costs, this order is not such a judgment or decree as may be superseded under the Maryland act of 1791, c. 67.

On the 10th of June, 1837, this court decreed that the injunction, in this case granted, restraining the defendants from transferring certain promissory notes which the plaintiff had given them, should be perpetual; that the defendants should, without delay, bring the said notes into court to be cancelled, and should pay the plaintiff $1,083.55, (being the amount paid by him on three judgments obtained against him by Clagget and Washington, on three notes which the defendants had passed to them before maturity,) and interest thereon from the said 10th of June, 1837, and that they pay the costs of the suit. [Case No. 17,540.] From this decree, the defendants appealed to the supreme court of the United States, who, on the 22d of February, 1838, affirmed the same with costs, and damages, at the rate of 6 per cent. per annum, and sent a mandate to this court, commanding that "such execution and proceedings be had in said cause, as according to right and justice, and the laws of the

[1] [Reported by Hon. William Cranch, Chief Judge.]